UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:24-cv-07381-DMG-MAA | Date: December 3, 2024 |
| Title: Steven Dean Parks v. People of the State of California | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Re: Voluntary Dismissal

On August 8, 2024, Petitioner Steven Dean Parks, acting *pro se*, executed a petition for writ of habeas corpus using the form approved by the Judicial Council of California, which he submitted to the Ninth Circuit Court of Appeals. ("Petition," ECF No. 1.) Because Petitioner appeared to be a pretrial detainee, the Ninth Circuit treated the Petition as if filed pursuant to 28 U.S.C. § 2241 and ordered that the Petition be filed in this Court. (ECF No. 2.) The Petition alleged one "ground" for relief: "I Steven Dean Parks wishes [sic] to be released admittedly [sic]." (*Id.* at 3.)

As the Petition appeared to suffer from procedural defects that would prevent the Court from hearing Petitioner's claims—including the failure to exhaust state court remedies, a lack of personal jurisdiction, and the failure to use the correct form of habeas petition—the Court issued an Order re: Petition explaining these defects on November 13, 2024 ("Screening Order"). (ECF No. 7.) The Screening Order directed Petitioner to take certain actions prior to December 12, 2024 or risk dismissal of this action. Specifically, with respect to his apparent failure to exhaust state court remedies before filing the Petition, Petitioner was presented with a choice:

(1) File a Notice of Dismissal of his Petition using the provided Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c));

(2) File a Request for a *Rhines* Stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), with the requisite showing of good cause for his failure to exhaust, plus a demonstration that his unexhausted claims are not plainly meritless and that he has not engaged in abusive litigation tactics or intentional delay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-07381-DMG-MAA                                              Date:  December 3, 2024

Title:     Steven Dean Parks v. People of the State of California

    (3) File a written response to the Screening Order clearly explaining the efforts he made to exhaust state court remedies prior to filing the petition, attaching copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.

(Screening Order 2–3.)

    Petitioner was cautioned that failure to respond to the Screening Order by December 12, 2024 might result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

    On November 27, 2024, the Court received from Petitioner a document captioned, "Notice of Dismissal." (ECF No. 8.)  He did not, however, use the provided Form CV-09 Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).  Further, Petitioner included language in this document that leaves the Court in some doubt as to his intent in filing it.  The Court therefore advises Petitioner that his Notice of Dismissal (ECF No. 8) will be treated as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), and his case will be dismissed without prejudice, unless he files one of the following by January 3, 2025:

    (1) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277–78.

    (2) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:24-cv-07381-DMG-MAA                                        Date: December 3, 2024

Title:   Steven Dean Parks v. People of the State of California

     If Petitioner chooses to file one of these two options, he must also address the two other problems identified in the Screening Order by filing an Amended Petition using the attached Form CV-69 (Petition for Writ of Habeas Corpus by a Person in State Custody) and naming the warden of the facility in which Petitioner is currently incarcerated. (*See* Screening Order 3–4.)

     If Petitioner does not respond to this Order to Show Cause as directed above by January 3, 2025, the Court will construe Petitioner's Notice of Dismissal (ECF No. 8) as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a) and will direct the Clerk to close this case effective November 27, 2024, the date the Court received Petitioner's Notice of Dismissal.

     It is so ordered.

<u>Attachment</u>
Form CV-69 (Petition for Writ of Habeas Corpus by a Person in State Custody)